UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE JONES, JR., ET AL

VERSUS

SHELTER MUTUAL INSURANCE
COMPANY, ET AL

CIVIL ACTION

NUMBER 09-725-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 24, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE JONES, JR., ET AL

VERSUS

SHELTER MUTUAL INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 09-725-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Plaintiffs' Action for Failure to Comply With a Court Order and Failure to Prosecute filed by defendant Shelter Mutual Insurance Company. Record document number 28. No opposition or other response has been filed.

Plaintiffs filed a complaint against Shelter Mutual Insurance Company to recover insurance proceeds and other losses related to property allegedly damaged initially by Hurricane Gustav and later by severe weather.[1] Plaintiff Johnnie A. Jones, Jr., (hereafter, "Jones") who is an attorney, signed the complaint as "Attorney at Law." Plaintiffs amended the complaint to convert it to a class

---

[1] Plaintiffs also sued Randy Lewis and Lester "Buddy" Lewis Construction Companies for losses sustained as a result of their allegedly defective roof repairs and other construction. The claims against these defendants were dismissed for failure to timely serve them with a summons and the complaint. Record document numbers 16 and 17.

2

action.[2]  The first amended petition was signed only by plaintiff Jones, without the Attorney at Law designation, but the second amended petition was again signed by him only, as "Attorney at Law."

During the early phase of the case, plaintiff Jones had advised the court informally that he was having medical problems and had been hospitalized for treatment from time to time.  This was later confirmed in a March 10, 2010 letter from his treating physician, Dr. Donnie Batie.[3]  As of that date, it was Dr. Batie's opinion that Jones "may return to full duty as an attorney with minimal lifestyle modifications."

The case was essentially inactive for several more months until defendant Shelter moved to strike the plaintiffs' class action allegations and to disqualify Jones as class counsel should the court deny its motion to strike the class allegations.[4]  After the plaintiffs did not file any response to either motion, the motion to strike was granted and the motion to disqualify was denied as moot.[5]

Shortly thereafter a status conference was scheduled and held

---

[2] Record document numbers 4 and 8.

[3] Record document number 18.

[4] Record document numbers 19 and 20, respectively.

[5] Record document number 25.

3

on October 25, 2010.[6]  However, neither plaintiff participated in the conference.  Counsel for defendant Shelter reported on the lack of cooperation by the plaintiffs in discovery, particularly as to arranging for an inspection of the allegedly damaged property.

Jones' failure to participate in the conference may be attributable, at least in part, to the fact that he was suspended from practicing law by the Louisiana Supreme Court on September 15, 2010.[7]  This suspension resulted in reciprocal suspensions from practicing in this court and the Fifth Circuit Court of Appeals.[8]  However, his suspensions would not have necessarily prohibited him from participating as a plaintiff in proper person, nor would they have prevented plaintiff Mary L. Jones from participating in proper person.

A little more than a month later, defendant Shelter filed its Motion to Dismiss.  Defendant sought dismissal as a sanction under Rule 16(f) and under Rule 41(b) for failure to prosecute.

As is readily apparent from the procedural history of this case, the plaintiffs have not diligently prosecuted their claims and have not cooperated in discovery.  While it may be that in the

---

[6] Record document number 27.

[7] *In re Johnnie A. Jones, Jr.*, MC 10-80, record document number 1. Despite his suspension from practicing in this court, Jones did not moved to withdraw as counsel for plaintiff Mary L. Jones.

[8] *Id.* record document numbers 2 and 4.

early part of the case Jones was having medical problems, as of March 2010 his treating physician had cleared him to return to "full duty as an attorney with minimal lifestyle modifications." Yet, thereafter, and without any explanation, Jones failed to prosecute the case.[9]

Defendant makes a persuasive argument for finding that the plaintiffs failed to participate in discovery, failed to comply with the scheduling order deadlines, and that the substantial delay in resolving this case is attributable to Jones. Defendant has suffered actual prejudice because without an inspection of the allegedly damaged property it cannot properly prepare a defense.

However, it was not clear that these failures and the related delay were also attributable to plaintiff Mary L. Jones. There was no indication that she had actual notice of the orders being issued, the defendant's discovery requests, and the other activities occurring in the case. The certificates of service and notices of electronic filing in the record did not show that pleadings, motions, orders and letters were being sent to her.

Consequently, the court issued an Order requiring the clerk of

---

[9] This is not an isolated instance. Essentially the same course of conduct occurred in another case pending in this court, *Johnnie A. Jones, Jr. and Mary L. Jones v. Travelers Insurance Company*, CV 09-727-RMH-CMH. That case was dismissed because the plaintiffs failed to comply with court orders, namely scheduling and discovery orders. CV 09-727, record document number [38]. No appeal was taken from the judgment dismissing plaintiffs' claims. Before the motion to dismiss was filed Jones had already been suspended from practicing law.

5

court to mail to plaintiff Mary L. Jones a copy of the defendant's Motion to Dismiss and the Order by means which provide evidence of receipt.[10] The clerk did so, but the U.S. Post Office returned the letter marked UNCLAIMED.[11]

Dismissal of a complaint for failure to prosecute or for failure to comply with court orders is the most serious sanction which can be imposed. The court must consider, among other factors, whether the offending conduct and delay is attributable to the plaintiff rather than her attorney, the delay was caused by intentional misconduct, and whether the defendant suffered actual prejudice. Clearly, plaintiff Jones is responsible for his own failure to comply with the scheduling order deadlines and cooperate in discovery, as well as the substantial delay and the prejudice caused to the defendant. As to him, the sanction of dismissal is clearly warranted.

As to plaintiff Mary L. Jones, the record is not as clear. However, after the defendant filed its motion, the court attempted to put her on notice of the consequences of failing to comply with court orders and to respond to the defendant's Motion to Dismiss, and the need to take some action to prosecute her claims. She did not pick up the letter, and not surprisingly, did not respond to the court's notice in any way.

---

[10] Record document number 32.

[11] Record document number 35.

Sanctions less than dismissal have been considered. If the plaintiffs will not cooperate in discovery and comply with scheduling order deadlines, and do not oppose the defendant's Motion to Dismiss, and as to plaintiff Mary L. Jones, will not even retrieve correspondence from the court, no sanction less than dismissal is likely to be effective.

For the reasons argued by the defendant in its Motion to Dismiss, the plaintiffs' complaint should be dismissed under Rules 16(f) and 41(b), Fed.R.Civ.P., for their failure to comply with the scheduling order deadlines and prosecute their claims.

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Dismiss Plaintiffs' Action for Failure to Comply With a Court Order and Failure to Prosecute filed by defendant Shelter Mutual Insurance Company be granted.

Baton Rouge, Louisiana, March 24, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7